**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.**
Attorneys and Counsellors at Law
9 Robbins Street
Toms River, NJ 08753
732-797-1600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD MAZZEI, Administrator Ad Prosequendum and General Administrator of the Estate of DOUGLAS MURANTE, deceased, | Civil Action No.          (   ) |
| Plaintiff, | Hon.                    , U.S.D.J. |
| v. | |
| CORRECTIONAL HEALTH SERVICES, INC., COUNTY OF OCEAN, OCEAN COUNTY DEPARTMENT OF CORRECTIONS, THEODORE HUTLER, Individually and as Warden for Ocean County Department of Corrections, ROBERT BURNS, ALLEN EDWARDS, BETTY KRAWIECKI, LUANNA PIERCE, JOHN & JANE DOES 1-10 (Said Names Representing Fictitious Individual Ocean County Correctional Facility) JOHN & JANE DOES 11-20 (Said Names Representing Fictitious Individual Physicians and Healthcare Providers at the Ocean County Correctional Facility whose True Names are unknown at this time.), ABC BUSINESS 1-5 (Said Names Representing a Fictitious Corporation, Partnership, Association or Sole Proprietor, True Names Unknown at this Time), | **COMPLAINT** |
| Defendants. | |

Plaintiff, RICHARD MAZZEI residing at 10 Peaksail Drive, Bayville, County of Ocean,

State of New Jersey, as Administrator Ad Prosequendum and as General Administrator of the

Estate of Douglas Murante, by way of Complaint against the Defendants alleges and states as

follows:

**INTRODUCTORY STATEMENT**

1.      This is an action by the plaintiff against the defendant parties for violation of the plaintiff's Federal Constitutional and civil rights guaranteed under 42 U.S.C. Section 1983, for violation of plaintiff's rights under the United States Constitution and the Americans with Disabilities Act, and for violation of the plaintiff's rights otherwise guaranteed under the laws and constitution of the State of New Jersey. The plaintiff seeks monetary damages for the wrongful death and for the deprivation of Douglas Murante's constitutional and civil rights, which caused him to suffer great pain, mental anguish and ultimately his death and damages resulting therefrom.

**JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. §1983, §1985 and 1988 and the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.  Plaintiff seeks compensatory and punitive damages, attorney fees and expert fees, pursuant to 42 U.S.C. §1988.

3.      The jurisdiction of this Court is predicated on 28 U.S.C. §1331 and §1343(3) & (4).

4.      Plaintiff further invokes the pendent jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to hear and decide claims brought pursuant to the New Jersey Constitution and the Common Law of the State of New Jersey.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391, inasmuch all Defendants either reside in or are political subdivisions of, the State of New Jersey, and a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in the State and District of New Jersey.

**PARTIES**

6.      Plaintiff, Richard Mazzei, the grandfather of Douglas Murante, is now Administrator Ad Prosequendum of Decedent, and has obtained Letters of General Administration on behalf of Douglas Murante who died on October 27, 2004, intestate in the County of Ocean, State of New Jersey.

7.      At all times hereinafter-referenced Douglas Murante was a resident of Ocean County, New Jersey and a citizen of the United States.

8.      At all times relevant hereto, Defendants Robert Burns, Allen Edwards and John & Jane Does 1-10 were duly appointed Correctional Officers employed by the Ocean County Department of Corrections located on Hooper Avenue in the Township of Dover, Ocean County, New Jersey and individually and under the color of State Law, at all relevant times he/she was acting in such capacity as the agent, servant, and employee of Defendants Ocean County and the Ocean County Department of Corrections.  He/She is sued individually and in his/her official capacity.

9.      At all times relevant hereto, Defendants Betty Krawiecki, Luanna Pierce and John & Jane Does 11-20 were duly appointed Nurses and/or Doctors' Aides employed by Correctional Health Services, Inc., and the Ocean County Department of Corrections located on Hooper Avenue in the Township of Dover, Ocean County, New Jersey and individually and under the color of State Law, at all relevant times he/she was acting in such capacity as the agent, servant, and employee of Defendants, Correctional Health Services, Inc., and the Ocean County Department of Corrections. Each person is sued individually and in his/her official capacity.

10.     At all times relevant hereto, Defendant, Theodore Hutler was the duly appointed Warden of the Ocean County Department of Corrections, and as such was the commanding officer of the Defendants and was responsible for the care and management of the Ocean County Correctional Facilities prisoners and for the training, supervision, and conduct of corrections officers and staff.  He was also responsible by law for enforcing the rules and regulations of the Ocean County Department of Corrections and the rules and regulations promulgated through the Ocean County Prosecutor's Office and the office of the Attorney General of the State of New Jersey.  At all relevant times, Theodore Hutler was acting in such capacity as the agent, servant and employee of the Defendants, Ocean County and the Ocean County Department of Corrections.  He is sued individually and in his official capacity.

11.     Defendant Ocean County Department of Corrections is an agency of the County of Ocean, State of New Jersey and at all relevant times employed the Warden, Theodore Hutler, Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20.

12.     At all times relevant hereto, and in all their actions described herein, Defendants were acting under color of law and pursuant to their authority as Police Officers, Correctional Officers and/or Correctional Medical Services Personnel.

13.     Each of the Defendants, separately and in concert engaged in the illegal conduct mentioned herein to the injury of Plaintiff's decedent to deprive the decedent of his rights privileges and immunities secured by the 5th, 8th and 14th Amendments to the United States Constitution and the Laws of the United States.

## FACTUAL ALLEGATIONS

14.     On October 26, 2004, decedent, Douglas Murante was brought to the Ocean County Correctional Facility by the Beachwood Police Department and was placed in the custody of the Ocean County Department of Corrections.

15.     While in custody Douglas Murante snorted multiple bags of heroin, which was made known to the Correctional Officers and Staff of the Ocean County Department of Corrections, by other inmates.

16.     As a result of the report of heroin use, the decedent, Douglas Murante was placed in the medical unit of the Ocean County Correctional Facility at approximately 10:15 p.m., on October 26, 2004.

17.     For approximately eight (8) hours, the Ocean County Correctional Officers and the Correctional Health Services Nursing Staff negligently and wrongfully failed to provide medical treatment and monitoring, including, but not limited to, providing a physician to examine Douglas Murante, activating the Ocean County Jail's Life One System, or removing him to a hospital emergency room for treatment.

18.     At approximately 6:55 a.m., on October 27, 2005, Douglas Murante, age 25 years was pronounced dead, while in the custody and care of the Ocean County Correctional Officers and the Correctional Health Services Nursing Staff.

19.     Defendants deliberate and callous disregard of Douglas Murante's clear need for medical care was illegal and wrongful conduct in violation of the United States and New Jersey Constitutions as stated above and constituted an abuse of the power and authority of the Defendants in an open, notorious and defiant manner in violation of constitutional protections against unjustified cruel and unusual punishment and the deprivation of life without due process of the law.

20.     Defendants, Theodore Hutler, Warden of the Ocean County Department of Corrections, the Ocean County Department of Corrections, the County of Ocean and Correctional Health Services, Inc., had prior notice of the propensities of the Defendants, Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20, to cause and create such violations but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority in violation of constitutional protections and privacy rights of members of the public, including Plaintiff's decedent.  These Defendants further failed in properly training Defendants, Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20, and instructing them in the applicable provisions of the law and the proper and prudent use of their powers as correctional personnel and health care providers.

21.     Defendants, Theodore Hutler, Warden of the Ocean County Department of Corrections, the Ocean County Department of Corrections, the County of Ocean and Correctional Health Services, Inc., authorized and tolerated such conduct as an institutionalized practice, and by such action ratified the misconduct hereinabove detailed by:

a.  Failing to properly discipline, restrict and control employees including Defendants Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20 and other employees, correctional personnel and health care providers known to be irresponsible in their dealings with citizens;

b.  Failing to take adequate precautions in the hiring, promotion and retention of personnel;

c.  Failing to abide by the rules and regulations set down by the office of the Attorney General of the State of New Jersey and the Ocean County Prosecutor on matters relating to oversight, supervision, and discipline of police and corrections personnel; and

d.  Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for addressing complaints of correctional employees and/or police misconduct and failing to properly oversee and regulate the conduct of the department's affairs through its Warden.

22.  The aforementioned conduct constitutes gross negligence under State Law and was in violation of the United States and New Jersey Constitutions as stated above and constituted an abuse of the power and authority of the Defendants in an open, notorious and defiant manner in violation of constitutional protections against unjustified cruel and unusual punishment and the deprivation of life without due process of the law.

23.  As a consequence of the conduct of Defendants aforesaid, Plaintiff's decedent sustained serious, painful, humiliating and permanent injuries, which ultimately resulted in and caused his death.

## FEDERAL CAUSES OF ACTION

### FIRST COUNT
### (Violation of 42 U.S.C. §1983: Deprivation of Rights)

24.     The allegations set forth in paragraphs 1 through 23 are repeated herein and made a part hereof as though set forth at length herein.

25.     The above-described actions and omissions, engaged in under color of state authority by Defendants, Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20, Warden Theodore Hutler, Correctional Health Services, Inc., and the County of Ocean, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the Plaintiff's decedent of essential supervision, medication and/or medical care and the rights secured and guaranteed to him by the Constitution of the United States, including but not limited to his Fifth and Fourteenth Amendment rights, including the right not to be deprived of life, liberty and the pursuit of happiness, without the due process of law and his Eighth Amendment right to be free from cruel and unusual punishment, in violation of  42 U.S.C. §1983.

WHEREFORE Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

**SECOND COUNT**
**(Violation of 42 U.S.C. §1983: Failure to Train)**

26.     The allegations set forth in paragraphs 1 through 25 are repeated herein and made a part hereof as though set forth at length herein.

27.     On information and belief, defendants, Ocean County, Correctional Health Services, Inc., and the Ocean County Department of Corrections' Office have responsibility for determining the actions of their employees and agents.

28.     On information and belief, defendants maintained policies, practices and customs with regard to the operation of the Ocean County Correctional Facility and its Medical Unit that resulted in the failure to train or adequately supervise their employees and which ratified and resulted in the violation of the constitutional rights of individuals, including but not limited to plaintiff, by the actions of its employees or agents.

29.     As a direct and proximate result of the failure of defendant to train adequately and supervise its employees, plaintiff's constitutional rights, including but not limited to his Fifth and Fourteenth Amendment rights, including the right not to be deprived of Life, without the due process of law and his Eighth Amendment right to be free from cruel and unusual punishment, were deprived in violation of 42 U.S.C. §1983.

WHEREFORE Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

9

## THIRD COUNT

## (Violation of 42 U.S.C. §1985)

30.     The allegations set forth in paragraphs 1 through 29 are repeated herein and made a part hereof as though set forth at length herein.

31.     The above-described actions and omissions, engaged in under color of state authority by Defendants, Robert Burns, Allen Edwards, Betty Krawiecki, Luanna Pierce, John & Jane Does 1-10 and John & Jane Does 11-20, Warden Theodore Hutler, Correctional Health Services, Inc., and the County of Ocean, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, constituted a conspiracy among defendants to punish Plaintiff's decedent by specifically depriving him of essential medication and/or medical care and depriving him of equal protection under the law in violation of the rights secured to him by the Constitution of the United States, including but not limited to his Fifth and Fourteenth Amendment rights, in violation of 42 U.S.C. §1985.

WHEREFORE Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Costs and Attorney's fees & Expert Fees;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

.

## FOURTH COUNT

### (Violation of the Privacy Act)

32.     The allegations set forth in paragraphs 1 through 31 are repeated herein and made a part hereof as though set forth at length herein.

33.     On or about, October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante into their custody by placing him in the Medical Unit of the Ocean County Jail.

34.     The Defendants obtained medical history information from Plaintiff's decedent Douglas Murante, while he was in Defendants' custody.

35.     Said medical information contained Douglas Murante's name and identifying information and was contained in the system of records of the Defendants.

36.     Defendant's intentionally and/or willfully disclosed Douglas Murante's health information in violation of the Privacy Act, 5 U.S.C. §§552a(b), g(1)(D).

37.     As a direct and proximate result of the above described acts of the Defendants, the Plaintiff was adversely affected.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

11

## FIFTH COUNT

### (Violation of the Americans with Disabilities Act)

38.     The allegations set forth in paragraphs 1 through 37 are repeated herein and made a part hereof as though set forth at length herein.

39.     On or about, October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante, a disabled person, into their custody by incarcerating him in the Ocean County Jail.

40.     Despite knowing that Douglas Murante was ill and disabled, Defendants failed to provide the appropriate medication and/or medical care and failed to follow appropriate medication schedule and guidelines for handling ailing inmates; failed to have proper inspections of said inmates; failed to take appropriate actions to protect the decedent, Douglas Murante's health safety and welfare.

41.     The actions of the defendants violate the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12101, et seq.

42.     As a result of the Defendants' violations, the plaintiff has been damaged in an amount as yet undetermined and is entitled to relief in accordance with 42 U.S.C. 12101, et seq., including costs and disbursements and attorneys fees and other further relief as this court deems just, proper and appropriate.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

12

## STATE LAW CLAIM

## SIXTH COUNT

## (Violation of New Jersey Constitution)

43.    The allegations set forth in paragraphs 1 through 42 are repeated herein and made a part hereof as though set forth at length herein.

44.    The above-described actions and omissions, of the defendants deprived the Plaintiff's decedent of rights secured to him by the Constitution of the State of New Jersey, including but not limited to his right to be free from cruel and unusual punishment.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)    Compensatory damages;

(B)    Punitive damages;

(C)    Attorney's fees & Costs;

(D)    Such other and further relief as this Court may deem appropriate under the circumstances.

## SEVENTH COUNT

## (Wrongful Death Statute)

45.    The allegations set forth in paragraphs 1 through 44 are repeated herein and made a part hereof as though set forth at length herein.

46.    On or about, October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante into their custody by incarcerating him in the Ocean County Jail.

47.     Shortly after the Defendants took Plaintiff's decedent Douglas Murante into their custody, Defendants knew that he snorted two bags of heroin and should have known that he needed treatment from a physician.

48.     The Defendants failure to follow appropriate safety and custodial procedures for handling ailing inmates; failed to have proper inspections of said inmates; failed to take appropriate actions to protect the decedent, Douglas Murante's health safety and welfare; and failure to provide medical attention all of which created an unreasonable risk of harm, the foreseeable consequences of which would cause personal injury or the risk of personal injury and death.  Said conduct under the attendant circumstances was reckless and negligent and served no lawful purpose.

49.     As a result of Defendants' negligence aforesaid, Plaintiff's decedent was caused to suffer great pain and ultimately his death.

50.     The estate of Douglas Murante incurred funeral and burial expenses.

51.     The decedent, Douglas Murante left behind at the time of his demise, his parents Salvatore and Deborah Murante, his siblings Elise Murante, Robert Murante and Salvatore Murante, Jr., his paternal grandmother Grace Murante, and his maternal grandparents Plaintiff Richard Mazzei and Ann Mazzei, which survivors have suffered pecuniary losses.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands judgment pursuant to the New Jersey Wrongful Death Statute 2A:15-3 and N.J.S.A. 2A:31-1 et seq. for damages together with interest, attorney's fees and costs of suit.

**EIGHT COUNT**

**(Negligence: Safety and Custodial Procedures)**

52.     The allegations set forth in paragraphs 1 through 51 are repeated herein and made a part hereof as though set forth at length herein.

53.     On or about October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante into their custody by incarcerating him in the Ocean County Jail.

54.     Shortly after the Defendants took Plaintiff's decedent Douglas Murante into their custody, Defendants knew that he snorted two bags of heroin and should have known that he needed treatment from a physician.

55.     Despite knowing that the decedent was ill, Defendants failed to follow appropriate safety and custodial procedures for handling ailing inmates; failed to have proper inspections of said inmates; failed to take appropriate actions to protect the decedent, Douglas Murante's health safety and welfare.

56.     As a direct and proximate result of the above described negligent and/or careless acts and omissions of the Defendants, the decedent was caused to suffer up until the time of his death severe and permanent injuries and was caused to suffer great pain, discomfort and distress.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

15

## NINTH COUNT

### (Negligence: Medical Care)

57.     The allegations set forth in paragraphs 1 through 56 are repeated herein and made a part hereof as though set forth at length herein.

58.     On or about, October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante into their custody by incarcerating him in the Ocean County Jail.

59.     Shortly after the Defendants took Plaintiff's decedent Douglas Murante into their custody, Defendants knew that he snorted two bags of heroin and should have known that he needed treatment from a physician.

60.     Despite knowing that Douglas Murante was ill, Defendants failed to provide the appropriate medication and/or medical care and failed to follow appropriate medication schedule and guidelines for handling ailing inmates; failed to have proper inspections of said inmates; failed to take appropriate actions to protect the decedent, Douglas Murante's health safety and welfare.

61.     As a direct and proximate result of the above described negligent and/or careless acts and omissions of the Defendants, the decedent was caused to suffer up until the time of his death severe and permanent injuries and was caused to suffer great pain, discomfort and distress.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

.

## TENTH COUNT

### (Violation of Law Against Discrimination)

62.     The allegations set forth in paragraphs 1 through 61 are repeated herein and made a part hereof as though set forth at length herein.

63.     On or about, October 26, 2004, Defendants took Plaintiff's decedent Douglas Murante, a disabled person, into their custody by incarcerating him in the Ocean County Jail.

64.     Despite knowing that Douglas Murante was ill and disabled, Defendants failed to provide the appropriate medication and/or medical care and failed to follow appropriate medication schedule and guidelines for handling ailing inmates; failed to have proper inspections of said inmates; failed to take appropriate actions to protect the decedent, Douglas Murante's health safety and welfare.

65.     The actions of the defendants violate the N.J.S.A. 10:5-1, et seq., Law Against Discrimination.

66.     The plaintiff has thereby been damaged in an amount as yet undetermined and is entitled to relief in accordance with N.J.S.A. 10:5-1, et seq., including costs and disbursements and attorneys fees and other further relief as this court deems just, proper and appropriate.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

## ELEVENTH COUNT

### (Violation of Physician-Patient Privilege)

67.     The allegations set forth in paragraphs 1 through 66 are repeated herein and made a part hereof as though set forth at length herein.

68.     The physician/patient privilege was enacted by statute in New Jersey to protect an individual from public revelation of any confidential communication between physician and patient, including the information obtained by an examination of the patient.

69.     The patient is the holder of the privilege, not the physician, and the privilege can only be waived with the consent of the patient.

70.     By virtue of the relationship that existed between the Douglas Murante and the defendant, Correctional Health Services, defendant owed a duty to act with absolute fidelity with respect to information obtained by him in the course of the physician/patient relationship.

71.     At all times defendant knew or should have known that Douglas Murante would rely, to his detriment, on the defendants duty to him.

72.     Defendant's unauthorized release of Douglas Murante's medical information was in violation of his statutory right to maintain the confidentiality of his medical records provided by N.J.S.A. 2A:84A-22.1.

73.     The aforementioned conduct has proximately caused plaintiff to suffer, loss, injury and damage.

74.     The aforementioned conduct is outrageous, malicious and was performed with the specific intent of injuring the Douglas Murante or in reckless disregard for the rights of the Douglas Murante.

WHEREFORE, Plaintiff Richard Mazzei, as Administrator Ad Prosequendum and General Administrator of the Estate of Douglas Murante, demands the following relief jointly and severally as to all the Defendants:

(A)     Compensatory damages;

(B)     Punitive damages;

(C)     Attorney's fees & Costs of Suit;

(D)     Such other and further relief as this Court may deem appropriate under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

**CARLUCCIO, LEONE, DIMON,
DOYLE & SACKS, LLC**
*Attorneys for Plaintiff*


By: */s/ Paul V. Orecchia (9652)*

Dated: March 1, 2006              PAUL V. ORECCHIA (9652)


**CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

**CARLUCCIO, LEONE, DIMON,
DOYLE & SACKS, LLC**
*Attorneys for Plaintiff*


By: */s/ Paul V. Orecchia (9652)*

Dated: March 1, 2006              PAUL V. ORECCHIA (9652)